■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE FAULKNER, Appellant. [968 NYS2d 486]—

Judgment, Supreme Court, New York County (Carol Berkman, J., at hearing; Rena K. Uviller, J., at jury trial and sentencing), rendered February 18, 2009, convicting defendant of criminal possession of a weapon in the second degree and resisting arrest, and sentencing him to an aggregate term of 3½ years, unanimously affirmed.

The court properly exercised its discretion in limiting defendant's voir dire of prospective jurors. The precluded inquiries were repetitious and confusing, and they generally concerned the prospective jurors' understanding of, or attitudes toward, principles of law that were thoroughly covered in the court's own voir dire (*see People v Boulware*, 29 NY2d 135, 141 [1971], *cert denied* 405 US 995 [1972]). There is no merit to defendant's argument that the court's voir dire on the legal principles at issue was inadequate or inaccurate.

The court properly exercised its discretion in denying defendant's motion for a mistrial or related relief, made after a prospective juror expressed a bias against defense counsel. In a sidebar outside the hearing of other panelists, this panelist criticized defense counsel's questioning as demeaning and repetitious. The court provided a sufficient remedy by excusing this prospective juror, issuing a curative instruction to the panel that the jurors' attitudes toward the attorneys were irrelevant and obtaining the panelists' assurances, as a group, that nothing in their impressions of the attorneys would affect their ability to be fair (*see People v Diakite*, 1 AD3d 283, 284 [1st Dept 2003], *lv denied* 2 NY3d 739 [2004]). Defendant did not preserve his claim that the court should have individually questioned the remaining prospective jurors, or the jurors already selected, and we decline to review these claims in the interest of justice. As an alternative holding, we find that the circumstances did not warrant such inquiries.

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations. An officer observed defendant making repeated adjustments to what appeared to be a heavy waistband bulge in the shape or outline of a pistol. The officer sufficiently explained the basis for his belief that the bulge resembled a firearm. This observation provided reasonable suspicion to believe that defendant was armed, and it justified police pursuit when defendant fled upon the officer's approach, which led to the detention of defendant by other officers and the recovery of a pistol (*see People v Prochilo*, 41 NY2d 759, 762 [1977]). Concur—Friedman, J.P., Sweeny, DeGrasse, Richter and Feinman, JJ.